## Case No. 13,015.

### SMITH v. BOHN.

[4 Wash. C. C. 127.] [1]

Circuit Court, E. D. Pennsylvania. April, 1821.

WRITS — LIMIT OF TIME OF SERVICE — COMMON APPEARANCE.

To entitle the plaintiff to file a common appearance for the defendant, under the act of the assembly of Pennsylvania of the 20th of March, 1724, the summons must have been served ten days before the return day. But if it was not served that length of time, the writ is not to be dismissed, but the plaintiff must proceed regularly to enforce an appearance.

Rule obtained by the defendant on the plaintiff, to show cause why the writ of summons should not be set aside for irregularity, the service not being ten days before the court to which it was returnable.

Mr. Sergeant, in support of the rule, contended, that under the act of assembly of the 20th of March, 1724 (1 Smith's Laws), 165, the practice in the state courts has been to set aside the writ of summons, where it appears not to have been served ten days before the return day. The first section of the act provides, that (with certain exceptions) the process against a freeholder inhabiting the province, shall be by summons; and that if the defendant shall not appear at the day of the return thereof, but makes default, and if the officer who served the writ, shall certify on oath or affirmation that on or before the return day, he summoned the defendant in the way prescribed by the act; "upon the return, if the defendant has been so served ten days, and the plaintiff had filed his declaration within five days, before the court to which such writ is returnable, it shall be lawful to and for the plaintiff in such action, to file a common appearance for the defendant so making default, and proceed to judgment and execution by nihil dicit."

Mr. Wallace, for plaintiff, admitted, that unless the writ be served ten days before the return day, the plaintiff cannot proceed under the act to obtain judgment by nihil dicit; but the service is good, and the plaintiff may proceed in a regular way to obtain judgment.

WASHINGTON, Circuit Justice. The reasonable construction of this act seems to be, that, to entitle the plaintiff to file a common appearance for the defendant, and to enter up judgment against him by nihil dicit, the writ must have been served ten days, and the declaration filed five days before the return day. But if the plaintiff does not seek to avail himself of this privilege, but is content to proceed in like manner as if the defendant had not made default, there can be no reason for setting aside the writ, or why the plaintiff may not file his declaration at any time after the five days, and proceed as if the defendant had entered an appearance.

Let the rule be discharged.

SMITH (BOOTH v.). See Case No. 1,649.

SMITH (BOURNE v.). See Case No. 1,701.

SMITH (BRENT v.). See Case No. 1,841.

SMITH (BREST v.). See Case No. 1,843.

SMITH (BROMLEY v.). See Case No. 1,922.